UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ALEXANDRA CAMILLE EADES, ) | |
| ) | |
| Movant, ) | |
| ) | No. 3:09-0539 |
| v. ) | (Crim No. 3:06cr00144-25) |
| ) | **JUDGE HAYNES** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

Movant, an inmate in the Danbury Federal Correctional Institution in Danbury, Connecticut, filed this action under 28 U.S.C. § 2255 against the United States of America, the Respondent. Movant pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, and sentenced to seventy-two (72) months imprisonment. (Crim. Docket Entry No. 733) Movant did not appeal. (Docket Entry No. 1, ¶ 8, p. 3)

Movant filed this action on June 9, 2009, Rule 3(d), Rules – Section 2255 Proceedings, presenting the single claim:

> I am asking for a sentence reduction based on the fact that [I] readily admitted to my guilt, [and] accepted responsibility for my crime. I am asking for a sentence reduction as I received 6 years and did not receive any type of reduction for admitting guilt.

(Docket Entry No. 1, ¶ 12(a), p. 5)

Rule 4(b), Rules – Section 2255 Proceedings provides that the court shall consider the "motion, any attached exhibits, and the record of prior proceedings" in ruling on a motion filed under § 2255. *See also* 28 U.S.C. § 2255. An evidentiary hearing is not required if the record conclusively shows that the movant is not entitled to relief. 28 U.S.C. § 2255, Rule 8(a), Rules – Section 2255 Proceedings; *Blanton v. United States,* 94 F.3d 227, 235 (6th Cir. 1996).

To prevail on a § 2255 motion, the record must reflect an error of constitutional magnitude that had a substantial injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993). Pleadings filed by parties proceeding *pro se* are to be construed liberally by the courts. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

Movant does not allege, nor can it be liberally construed from the motion, that she was sentenced in violation of the Constitution or laws of the United States. Movant's sole contention is that her sentence should be reduced because she accepted responsibility for her offense. Movant's guideline range had a range of 120 months with a Criminal History IV. Given the 120 months guideline range, Movant's sentence of sixty (60) months reflects that she received a reasonable consideration for her acceptance of responsibility. Thus, Movant's claim is without merit.

When, as here, the district court denies a ground for relief on the merits in a *habeas corpus* action, a certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the standard being whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find the Court's assessment of Movant's motion debatable or wrong. Therefore, a COA will not issue.

An appropriate order will be entered.

**ENTERED** this the 10th July, 2009.

William J. Haynes, Jr.
United States District Judge

2

Case 3:09-cv-00539   Document 2   Filed 07/10/09   Page 2 of 2 PageID #: 16